NEWTON PETERS v. GEORGE HARMAN, ET AL.

1. APPEAL IS CONTINUANCE OF ORIGINAL ACTION—AMENDATORY STATUTES REGULATING APPEAL CONTROLLED BY LAN. R. L. 98 (R. S. 79).

An appeal is a continuance of the original action, and, under favor of Lan. R. L. 98 (R. S. 79), statutes relating thereto, in force at the time an action is commenced, is not affected by subsequent amendatory legislation, unless it is expressly so provided.

2. LANING R. L. 8736 (R. S. 5227) CONTROLLED IN OPERATION BY LAN. R. L. 98 (R. S. 79).

The provision of the amendatory act of March 25, 1902 (95 O. L. 66; Lan. R. L. 8736; R. S. 5227), requiring a party who desires to appeal his cause to the circuit court to file a written notice of such intention within three days after the judgment or order is entered by the trial judge on his docket, does not apply to actions pending at the time of its enactment. The appeal of such actions is governed by the statutes in force at the time of their commencement, and not by subsequent amendatory acts passed before judgment is rendered, unless expressly so provided.

MOTION to dismiss appeal.

**C. W. McCleery** and **William Davidson,** for plaintiff.
**M. A. Daugherty,** for defendant.

## DONAHUE, J.

This case is submitted to us on a motion to dismiss the appeal. The judgment of the court below was entered June 4, 1902, and an appeal was attempted from that judgment. There was no notice filed in writing of an intention to appeal and it is claimed by counsel for the motion that under the statute, as it then read, this was absolutely necessary, and that a failure to file such motion is fatal to the appeal and the same must be dismissed.

Laning R. L. 8736 (R. S. 5227) was amended March 25, 1902 (95 O. L. 66). In that amendment it is provided that a party desiring to appeal his cause to the circuit court shall, within three days after the judgment or order is entered on his docket by the trial judge file a written notice of such intention, and, within thirty days after the entering of such judgment or order by the trial judge, give an undertaking with sufficient surety, to be approved by the clerk of the court or a judge thereof, as hereinafter provided.

This section was amended to read as I have just stated on March 25, 1902, and the decree was entered June 4, 1902, so it is contended by

Peters v. Harman.

council for the motion that this section as it was amended March 25, 1902, applies.

The original section as it stood before this amendment provided that a party desiring to appeal his cause to the circuit court shall within three days after the judgment or order is entered, enter on the records notice of such intention, and within thirty days after the entering of such judgment or order on the journal of the court give an undertaking with sufficient surety, to be approved by the clerk or a judge thereof, as hereinafter provided.

With the contention of counsel touching the requirements of the statute as amended, we are in perfect accord. Under that section as amended, the filing of a separate notice in writing is absolutely indispensable to perfect the appeal, and the entry that was put upon the journals of the court is not sufficient under the amended statute as it read on June 4, 1902. But it is contended that the original Lan. R. L. 8736 (R. S. 5227) as it read at the time of the bringing of this suit controls. That is the only question in this case.

Laning R. L. 98 (R. S. 79) provides that where a statute is repealed or amended, such repeal or amendment, shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings, unless so expressed; nor shall any repeal or amendment affect causes of such action, prosecution or proceedings, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.

Now if this appeal comes within the provisions of Lan. R. L. 98 (R. S. 79), then of course the statute as it existed at the time of the commencement of the action would control. If it does not, then Lan. R. L. 8736 (R. S. 5227) as amended March 25, 1902 controls.

The entry (after the decree of the court is entered) is as follows:

"Now and here plaintiff gives notice of his intention to appeal this case to the circuit court of Fairfield county, Ohio, and the court fixes the amount of the appeal bond at $200."

That notice is sufficient under the old statute if the appeal is to be perfected under that statute.

The case in *Young* v. *Shallenberger*, 53 Ohio St. 291 [41 N. E. Rep. 518] seems to cover this question, but it is distinguished in this that at the time of the passage of the act there in question the right of action then had already accrued to the plaintiff in error; that is, judgment had been rendered against him and he was entitled to his cause of action as it then existed. It is contended that if judgment had

not then been rendered it would have been different; that no rights could have accrued until judgment had been entered and consequently *Young* v. *Shallenberger, supra,* is no assistance to us in determining this case.

In *Thompson* v. *Street Bldg. Assn.* 7 Circ. Dec. 68 (13 R. 250), the court reviews Lan. R. L. 98 (R. S. 79) at some length; it shows the nature of a petition in error and the difference between a proceeding in error and an appeal and on page 70 we find this language:

"But an appeal is very different from a proceeding in error, as is shown by the decision of the Supreme Court referred to by Judge Smith in announcing the decision of the general term in that case. The former is a continuance of the original action, and it would be affected by any statute relating to the remedy in such cases, only if it was stated therein, that it would affect pending actions."

This case holds directly that an appeal is a continuance of the original action, that it would not be affected by any statute changing or modifying the laws relating to it, unless it expressly provided that it should do so as required by Lan. R. L. 98 (R. S. 79).

That case is persuasive with us, but we think the case of *Travelers Ins. Co.* v. *Myers,* 59 Ohio St. 332 is practically decisive of the question. I read from the syllabus:

"Section 6710 Rev. Stat. as amended April 25, 1898 (93 O. L. 255), does not affect the jurisdiction of this court to review a judgment of a lower court, where the right to prosecute error in this court existed at the time the amendment took effect."

On page 333 the court say:

"It is evident that if Sec. 3 had been omitted, the act, being one relating to the remedy, would not have applied to this case; for by Lan. R. L. 98 (R. S. 79), no amendment or repeal relating to the remedy, applies to an existing cause of action, prosecution or *proceeding,* unless otherwise expressly provided in the amending or repealing act."

This amendment that we are now considering (amendment to Lan. R. L. 8736; R. S. 5227) does not provide that it shall apply to pending cases. Therefore from the doctrine in *Travelers Ins. Co.* v. *Myers, supra,* it is evident that it cannot apply to this case. In other words this act is an act relating to the remedy, and therefore the law as it existed at the time the action was commenced, instead of the law at the time the judgment was rendered, shall govern. That being true we think the notice of appeal was properly given and the motion to dismiss the appeal will be overruled.

**Voorhees** and **McCarty, JJ.,** concur.